CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1870.

### JOHN BOWMAN v. BEN HOLLADAY et al.

BREACH OF CONTRACT—JOINDER OF ACTIONS.—It is not an improper joinder of actions, to unite in the same complaint, a claim for wages, earned under a contract, and a claim for money due under the same contract, for time that has run since the plaintiff was refused employment contrary to the terms of the contract.

IDEM.—Where the plaintiff earned money, under a contract of employment, and the plaintiff was afterward discharged, contrary to the terms of the contract, and he has a claim also for money that has become due since that time under the same employment, for time that has run since his discharge, there are not necessarily two causes of action.

THIS case is presented, on demurrer to the complaint.

The complaint sets up a contract, under which the defendants employed the plaintiff to work for the defendants, as master machinist, one year, and agreed to pay him at the end of each month; for the first four months, $125 per month, and for the residue of the year, $200 per month. It is alleged that the plaintiff worked in pursuance of the contract, one and a half months, at the end of which the defendants discharged the plaintiff without cause, and the plaintiff was thereby thrown out of employment; that the plaintiff has, on his part, complied with the contract, and since his discharge, has been ready and willing to perform, and has tendered performance.

The suit was commenced after the expiration of the first two months, and the plaintiff claims $250, now due upon

said contract, less $100, which he admits has been paid. The defendants, for cause of demurrer, claim that:

1st.   Two causes of action are improperly joined.

2d.   The two causes of action are not separately stated.

3d.   The complaint does not state facts, constituting a cause of action.

*Logan, Shattuck & Killen,* for the plaintiff.

*Mitchell & Dolph,* for the defendants.

UPTON, J.   The argument in support of the demurrer, assumes that there is an action for *money, due* on contract, and another cause of action for *damages* for the *breach* of a contract, and that the two causes of action are so essentially different from each other, that they cannot both be properly set forth in the same complaint, or sued in the same action. In every action for money due according to the terms of a contract, the gist of the action is the breach of the contract, and a cause of action does not arise, until some condition of the contract has been broken.   Every such action is an action for damages, for a breach or violation of the contract.   There is no such distinction between the two alleged claims or demands, mentioned in the argument in this case, as exists between a cause of action for damages, for the breach of a contract, and an action for a tort.

If a contract has been broken in two particulars, even if the breaches are such as to give rise to two separate causes of action, I see no reason why redress may not be had for both injuries in the same action.   I think the assumption that the complaint discloses two causes of action is erroneous.   The only matter for which redress is asked in this case, is the non-payment of wages alleged to be due.   If the plaintiff has a just claim for more money than he had earned up to the time he was discharged, that claim is for wages alleged to be due.   It is true, that according to the allegations of the complaint, a portion of the wages accrued while the plaintiff was at work under the contract, and a portion accrued while he was offering to work in pursuance of the contract, and after he was refused permission to

work; but nothing else but wages is claimed, and the facts set out lay the foundation for nothing else. The plaintiff states that he "was thrown out of employment against his will," but the claim is not for damages sounding in tort, nor does the complaint indicate that the plaintiff avails himself of his privilege to rescind the contract.

In this class of cases, the law gives to the person who, without fault of his own, is thrown out of employment, an option to rescind the contract and sue at once for whatever damages result from the breach of the contract, or to hold the contract still in force and claim his wages as, from time to time, the money becomes due.

The demurrer should be overruled.